UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

**JONATHAN GAFFERS,** individually,
and on behalf of others similarly situated,

       Plaintiffs,

vs.

**SITEL WORLDWIDE CORPORATION,**
a Delaware corporation, and
**SITEL OPERATING CORPORATION,**
a Delaware corporation,

       Defendants.

Case No. 3:16-cv-00128

Hon. Todd J. Campbell

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR
CONDITIONAL CLASS CERTIFICATION**

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................................ ii

I. INTRODUCTION ....................................................................................................1

II. ARGUMENTS IN REPLY .......................................................................................1

    A. THE NATURE OF THE WORK PERFORMED BY SITEL'S HBCCAs MAY HAVE VARIED SOMEWHAT, BUT THAT VARIANCE IS INSUFFICIENT TO PREVENT NOTICE OF THIS CASE ................................1

    B. SITEL'S ALLEGED "COMMITMENT TO FLSA COMPLIANCE" IS ABSOLUTELY IRRELEVANT TO CONDITIONAL CERTIFICATION AND, LIKELY, THIS ENTIRE CASE ................................................................2

    C. WRITTEN POLICIES PROHIBITING FLSA VIOLATIONS ARE NOT DETERMINATIVE OF WHETHER THE CSRs ARE SIMILARLY SITUATED ................................................................................................3

    D. PLAINTIFFS ARE NOT REQUIREED TO SHOW INTEREST FROM OTHER EMPLOYEES; NEVERTHELESS, ANOTHER EMPLOYEE RECENTLY JOINED THE CASE AND IS EXPECTED TO SUBMIT A DECLARATION ................................................................................5

    E. PLAINTIFFS' DECLARATION SUFFICIENTLY SETS FORTH PERSONAL KNOWLEDGE SUCH THAT CONDITIONAL CERTIFICATION IS WARRANTED ................................................................7

    F. THE COURT SHOULD APPROVE PLAINTIFF'S PROPOSED NOTICE ................................................................................................8

III. CONCLUSION .........................................................................................................9

# INDEX OF AUTHORITIES

**CASES**

*Alamo Found. v. Secretary of Labor*, 471 U.S. 290, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985) ........................................................................................................................... 6

*Burdine v. Covidien, Inc.*, 2011 U.S. Dist. LEXIS 79807 (E.D. Tenn. June 22, 2011) ................... 5

*Burkhart-Deal v. Citifinancial, Inc.*, 2010 U.S. Dist. LEXIS 9534 (W.D. Pa. Feb. 24, 2010) ........................................................................................................................... 3

*Cardoza v. Bloomin' Brands, Inc.*, 2014 U.S. Dist. LEXIS 152903 (D. Nev. Oct. 24, 2014) ........................................................................................................................... 3

*Clark v. Dollar Gen. Corp.*, 2001 U.S. Dist. LEXIS 25976 (M.D. Tenn. May 23, 2001) .............. 8

*Comer v. Wal-Mart Stores, Inc.,* 454 F.3d 544 (6th Cir. 2006) ................................................. 1

*Davis v. Soc. Serv. Coordinators*, 2012 U.S. Dist. LEXIS 155559 (E.D. Cal. Oct. 30, 2012) ........................................................................................................................... 7

*Douglas v. GE Energy Reuter Stokes*, 2007 U.S. Dist. LEXIS 32449 (N.D. Ohio Apr. 30, 2007) ........................................................................................................................... 5

*Dybach v. State of Florida Dep't of Corrections,* 942 F.2d 1562 (11th Cir. 1991) ................ 5, 6

*Edwards v. City of Long Beach*, 467 F.Supp.2d 986 (C.D. Cal. 2006) ......................................... 6

*Fang v. Zhuang*, 2010 U.S. Dist. LEXIS 133618 (E.D.N.Y. Dec. 1, 2010) .................................. 5

*Garrett v. Sitel Operating Corp.*, 2011 U.S. Dist. LEXIS 133846 (W.D. Tenn. Nov. 18, 2011) ........................................................................................................................... 1

*Harris v. Vector Marketing Corp.*, 716 F. Supp. 2d 835 (N.D. Cal. 2010) ................................. 7

*Heckler v. DK Funding*, 502 F.Supp.2d 777 (N.D. Ill. 2007) ..................................................... 6

*Hoffman v. Securitas Security Services*, 2008 U.S. Dist. LEXIS 123883 (D. Idaho Aug. 27, 2008) ........................................................................................................................... 6

*Levy v. Verizon Info. Servs.*, 2007 U.S. Dist. LEXIS 43223 (E.D.N.Y.) ...................................... 3

*Monroe v. FTS USA, LLC*, 763 F. Supp. 2d 979 (W.D. Tenn. 2011) .......................................... 3

Mowdy v. Beneto Bulk Transp., 2008 U.S. Dist. LEXIS 26233 (N.D. Cal. Mar. 31, 2008) ........................................................................................................................... 7

*Pacheco v. Boar's Head Provisions, Co., Inc.*, 671 F.Supp.2d 957 (W.D. Mich. 2009) ............. 4

*Reab v. Electronic Arts, Inc.*, 214 F.R.D. 623 (D. Colo. 2002) ................................................... 6

*Smith v. Waverly Health Care & Rehab. Ctr., Inc.*, 2013 U.S. Dist. LEXIS 30729 (M.D. Tenn. Mar. 5, 2013) ............................................................................................................. 7

*Sperling v. Hoffmann-LaRoche, Inc.*, 118 F.R.D. 392 (D.N.J. 1988), *aff'd*, 862 F.2d 439 (2d Cir.), *aff'd*, 493 U.S. 165, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989) .................................. 5

*White v. MPW Indus. Servs.*, 236 F.R.D. 363 (E.D. Tenn. 2006) ..................................................... 8

*Wilks v. Pep Boys*, 2006 U.S. Dist. LEXIS 69533 (M.D. Tenn. Sept. 26, 2006) ........................... 8

Winfield v. Citibank, N.*A.*, 843 F. Supp. 2d 397 (S.D.N.Y. 2012) .................................................. 3

## **STATUTES**

29 U.S.C. § 216(b) ............................................................................................................. 1, 6

## **OTHER AUTHORITIES**

*Cf.* 29 C.F.R. § 785.13 ............................................................................................................ 3

## I. INTRODUCTION

Sitel's Opposition to Plaintiffs' Pre-Discovery Motion for Conditional Class Certification spends a great deal of time on issues not appropriate for consideration at the conditional class certification stage. Further, Sitel attempts to distort the burden of proof upon Plaintiffs at the conditional class certification stage as it has been meticulously and repeatedly explained by the Sixth Circuit and cited in Plaintiffs' Motion for Conditional Class Certification. Plaintiffs' Pre-Discovery Motion is due to be granted and Court authorized notice should be sent to all similarly situated employees pursuant to 29 U.S.C. § 216(b).

## II. ARGUMENTS IN REPLY

**A. The Nature of the Work Performed by Sitel's HBCCAs may have Varied Somewhat, but that Variance is Insufficient to Prevent Notice of this Case**

The law is clear that a Plaintiff must show only that "his position is similar, not identical, to the positions held by the putative class members." *Comer v. Wal-Mart Stores, Inc.,* 454 F.3d 544, 546 (6th Cir. 2006). Even if Sitel's HBCCAs are assigned to different Sitel customers, they still handle similar inbound/outbound phone calls as HBCCAs. Even if these job duties were different throughout the shift, that would not have prevented Sitel from operating under the policy, procedure, or plan wherein HBCCAs were required to arrive at work before their shift start time but not allowed to clock in until their shift time started. In other words, what HBCCAs did between the times that they clocked in and clocked out is absolutely irrelevant to this case based on the fact that the claims are for unpaid preliminary and postliminary overtime. To be sure, **Sitel's similar arguments have been rejected before**. *See e.g. Garrett v. Sitel Operating Corp.*, 2011 U.S. Dist. LEXIS 133846, *6 (W.D. Tenn. Nov. 18, 2011) (rejecting Sitel's argument that call center employees were not similarly situated for purposes of FLSA

1

conditional certification because they worked on different campaign assignments for different clients).

Here, despite Sitel contention that different computer programs may have been used in their every day affairs, or that they were receiving inbound calls as opposed to making outbound calls, it is markedly important that Sitel fails to state whether these differences would have affected their clock-in or clock-out procedures in this case. (*See* Dkt. 29). This absent fact speaks much louder than any arguments made in Sitel's entire Response brief.

**B.      Sitel's Alleged "Commitment to FLSA Compliance" is Absolutely Irrelevant to Conditional Certification and, Likely, this Entire Case**

Sitel spends much the Opposition brief showing its alleged "commitment to FLSA compliance." (*See* Dkt. 29, Def. Br. at Page ID #161-63). But, as with many of the other arguments made by Sitel, this argument is irrelevant at this juncture of the case. Why does it matter that Sitel has a well-written policy that is not in violation of the FLSA? Does it mean that Plaintiffs and the proposed class should not be allowed to pursue their claims and seek conditional class certification? With all due respect, Sitel may have made a commitment to FLSA compliance, but Plaintiffs allege they were not paid proper wages for time worked in <u>violation</u> of the FLSA. Professionals such as lawyers are paid to write these policies and procedures in most cases. In the event a company was allowed to use handbooks, correction forms, pay dispute forms, hotlines, training, and/or open-door policies as dispositive defenses or to inhibit collective action in FLSA lawsuits, it would mean that FLSA lawsuits would be eliminated, but would certainly not mean FLSA violations do not exist. In this case, Plaintiffs have alleged a common company <u>practice</u> that violates the FLSA as set out in Plaintiffs' Pre-Discovery Motion for Conditional Class Certification and the attachments thereto. There is certainly no authoritative case law to support Sitel's position that a "commitment to FLSA

2

compliance" and a failure to apply that commitment to the operation of the company render conditional certification improper. These arguments are without proper authority, merit, and are due to be ignored.

## C. Written Policies Prohibiting FLSA Violations Are Not Determinative of Whether the CSRs are Similarly Situated

Sitel's irrelevant "commitment" argument seems to dovetail with its other improper contention: that notice should not issue simply because Defendant's written policies prohibit off-the-clock work. (Dkt. 29, Def. Br. at Page ID #165-66). Even if Defendant's written policies did prohibit off-the-clock work, the possibility that the alleged FLSA violations also violate a written policy of Defendant is no bar to conditional certification. *See Monroe v. FTS USA, LLC*, 763 F. Supp. 2d 979, 991 (W.D. Tenn. 2011) ("the existence of written policies setting forth proper rules for the payment of overtime does not itself immunize an employer from a finding that the employer willfully violated the FLSA.); *see also Cardoza v. Bloomin' Brands, Inc.*, 2014 U.S. Dist. LEXIS 152903, \*19 (D. Nev. Oct. 24, 2014) ("The possibility that the alleged FLSA violations also violate a written Outback Steakhouse policy is no bar to conditional certification."); *see also Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 408 (S.D.N.Y. 2012) ("the existence of a formal policy that is facially unlawful is not a prerequisite for conditional certification"); *Burkhart-Deal v. Citifinancial, Inc.*, 2010 U.S. Dist. LEXIS 9534, \*10 (W.D. Pa. Feb. 24, 2010) (concluding that "[t]he fact that Defendant has a written policy requiring overtime pay . . . does not itself defeat conditional certification" and noting that such arguments "skirt the merits" and are inappropriate for resolution on motion for conditional certification); *Levy v. Verizon Info. Servs.*, 2007 U.S. Dist. LEXIS 43223, \*6 (E.D.N.Y.) (granting conditional certification despite argument that defendant's written policy requiring payment of overtime meant that "any deviations from this provision . . . are at best isolated incidents, and do not

3

implicate the company's overtime policy."); *Cf.* 29 C.F.R. § 785.13 ("[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed . . . . The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so.").

Clearly, written employment policies do not defeat conditional certification. This is especially true where allegations exist that the employer ignored those policies and operated differently in practice, as here. Regardless of any corporate policies promulgated by Sitel, Plaintiffs have come forward with the requisite allegations and evidence necessary to obtain conditional certification and send notice to the proposed Class.

Likewise, Sitel's reliance on a case like *Pacheco v. Boar's Head Provisions, Co., Inc.*, 671 F.Supp.2d 957 (W.D. Mich. 2009) is misplaced, as that case is readily distinguishable from the instant matter. In *Pacheco*, the defendant had a written policy of <u>paying</u> its employees overtime for time spent donning and doffing the protective clothing necessary to do their work.[1] *Pacheco* alleged that individual supervisors of each department had failed to follow the policy. The court ultimately declined to certify the proposed class because there was no "single decision, policy, or plan" as among those individual supervisors. The court's reasoning in *Pacheco* has absolutely no value or application to this case, where Sitel's practice was simply a failure to pay for off-the-clock work. Thus, the Plaintiffs in this case will show that Sitel has a "single decision, policy, or plan" (i.e., a practice) of not paying its employees for their off-the-clock work.

---

[1] *Pacheco* was a donning and doffing case, which is a factually complex FLSA case to litigate. In donning/doffing cases, important issues exist with respect to the types of protective clothing or gear that each employment position is required to don and doff, and the amount of time it takes to do so. Call center cases like this one are far different, as the key issue is simply whether Sitel's failure to pay for off-the-clock work violated the law.

4

**D.     Plaintiffs are Not Required to Show Interest from Other Employees; Nevertheless, Another Employee Recently Joined the Case and is Expected to Submit a Declaration**

Despite Sitel's argument to the contrary, there is **no requirement** that Plaintiff make a showing of interest from other potential Class members. (*See* Dkt. 29, Def. Br. at Page ID #174-75). In fact, the vast majority of case law holds the complete opposite. As the court stated in *Sperling v. Hoffmann-LaRoche, Inc.*, 118 F.R.D. 392, 406 (D.N.J. 1988), *aff'd*, 862 F.2d 439 (2d Cir.), *aff'd*, 493 U.S. 165, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989):

> To impose such a requirement would condemn any large class claim . . . to a chicken-and-egg limbo in which the class could only notify all its members to gather together after it had gathered together all its members, and from which the class could escape only by refusing entry after some unpublicized cutoff date to additional class members who thereafter stumble upon the case by themselves.

But aside from the "chicken-and-egg" problem, Defendant's argument should be disregarded for another reason: precedent. *First*, the Eleventh Circuit is the *only* Circuit in the entire country with such a requirement. *Dybach v. State of Florida Dep't of Corrections,* 942 F.2d 1562, 1567 (11th Cir. 1991). *Second*, district courts within the Sixth Circuit and other Circuits have expressly rejected such a requirement. *See e.g. Burdine v. Covidien, Inc.*, 2011 U.S. Dist. LEXIS 79807, *6 (E.D. Tenn. June 22, 2011) (rejecting *Frye* and holding that "the purpose of conditional certification is to provide notice to those parties who *may* want to join the action."); *Douglas v. GE Energy Reuter Stokes*, 2007 U.S. Dist. LEXIS 32449, *24 (N.D. Ohio Apr. 30, 2007) (finding that "no court outside the Eleventh Circuit has imposed such a requirement on plaintiffs" and that because "the great weight of circuit authority is against imposing such a requirement, the court declines to do so."); *see also Fang v. Zhuang*, 2010 U.S. Dist. LEXIS 133618, *7-8 (E.D.N.Y. Dec. 1, 2010) ("Although plaintiff only corroborates his allegations with his own affidavit, courts in this circuit have found this adequate for conditional

5

certification."); *Hoffman v. Securitas Security Services*, 2008 U.S. Dist. LEXIS 123883, *13 (D. Idaho Aug. 27, 2008). The *Hoffman* court rejected such a requirement in no uncertain terms:

> "As a practical matter it would make little sense to require plaintiffs to have the knowledge they attempt to obtain by gaining approval of notice from the court."); *Adams*, 242 F.R.D. at 535-36 (discussing only similarly situated requirement); *Leuthold*, 224 F.R.D. at 468 (same); *Edwards v. City of Long Beach*, 467 F.Supp.2d 986, 990 (C.D. Cal. 2006) (same). Independent of this apparent reality, such a threshold requirement strikes this Court as contradictory to the very notion of providing *notice* to potential plaintiffs of the opportunity to become part of a collective action—what the FLSA expressly provides. Such a perspective is not unique; indeed, in characterizing as dicta *Dybach's* requirement that other employees definitively desire to opt-in to the action, the district court in *Reab v. Electronic Arts, Inc.*, 214 F.R.D. 623 (D. Colo. 2002) reasoned:
>
>> The cited language in *Dybach* is *dicta*. Research fails to reveal any court that has applied this requirement. Moreover, the instruction appears to conflict with United States Supreme Court's position that the [FLSA] should be liberally "applied to the furthest reaches consistent with congressional direction."
>
> *Reab*, 214 F.R.D. at 629 (quoting *Alamo Found. v. Secretary of Labor*, 471 U.S. 290, 302, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985)). *Reab* persuasively goes on to discuss the consequence of mandating what amounts to a guarantee that potential plaintiffs would actually seek to join the lawsuit, stating:
>
>> [R]equiring plaintiffs in § 216(b) actions to have some unknown number of persons decide whether to opt in places plaintiffs in the position of communicating with potential litigants without court supervision or guidance, leaving plaintiffs subject to allegations of improper solicitation and 'tainting' of the putative class. At this stage of the proceedings, the number of persons who wish to join the action is not a factor I consider in determining whether to grant Plaintiffs' motion to certify.
>
> *Id.; see also Heckler v. DK Funding*, 502 F.Supp.2d 777, 780 (N.D. Ill. 2007) (producing evidence of other opt-in plaintiffs "would essentially force plaintiffs or their attorneys to issue their own form of informal notice or to otherwise go out and solicit other plaintiffs. This would undermine a court's ability to provide potential plaintiffs with a fair and accurate notice and would leave significant opportunity for misleading potential plaintiffs.").

*Hoffman*, 2008 U.S. Dist. LEXIS 123883, *14.

Thus, it is well established that a "lack of other consenting opt-in plaintiffs or a

6

demonstrated interest by others in joining the suit is irrelevant at [the notice] stage of the proceedings." *Davis v. Soc. Serv. Coordinators*, 2012 U.S. Dist. LEXIS 155559, *61-62 (E.D. Cal. Oct. 30, 2012); *see also Harris v. Vector Marketing Corp.*, 716 F. Supp. 2d 835, 839 (N.D. Cal. 2010) ("The fact that other potential class members have not affirmatively stated a desire to opt in does not preclude conditional certification."); *Mowdy v. Beneto Bulk Transp.*, 2008 U.S. Dist. LEXIS 26233, *22-23 (N.D. Cal. Mar. 31, 2008) (dismissing defendant's argument that plaintiff must demonstrate opt-in interest prior to conditional certification). For these reasons, it would be improper for this Court to require Plaintiff to show interest from other potential Class members as part of its conditional certification analysis.

In any event, <u>Plaintiff's Counsel did file a consent form for opt-in Plaintiff Jennifer Williams</u> (Dkt. 32-1) and will submit her declaration in support of conditional certification as soon as possible. Thus, Sitel's arguments that Plaintiff must come forward with additional interested employees and/or more than just one declaration are now moot. *See also Smith v. Waverly Health Care & Rehab. Ctr., Inc.*, 2013 U.S. Dist. LEXIS 30729, *4-5 (M.D. Tenn. Mar. 5, 2013) (granting FLSA conditional certification based on the declaration of only one employee).

### E. Plaintiffs' Declaration Sufficiently Sets Forth Personal Knowledge Such That Conditional Certification is Warranted

Sitel's strategy of arguing the Court should disregard Plaintiff's declaration for lack of personal knowledge is a shopworn defense tactic often denied by district courts in the Sixth Circuit and elsewhere. Here, the Court should reject Sitel's argument because Plaintiff declares, through his own personal knowledge and experience as a HBCCA, his experience in the company's HBCCA training, and his knowledge of other Sitel employees' experiences, that Sitel does not pay HBCCAs for compensable off-the-clock work. (Dkt. 6-2, Gaffers Dec. at ¶ 3, 19).

7

Further, Plaintiff testified that he "got to know other hourly HBCCAs and became familiar with their job responsibilities. **From my experiences, I know** that all hourly HBCCAs are subjected to the same practices and procedures . . . ." *Id.* at ¶21 (emphasis added).

Indeed, Declarations in FLSA cases containing similar content have been found to be more than sufficient to support a finding that employees are similarly situated. *See e.g. White v. MPW Indus. Servs.*, 236 F.R.D. 363, 369 (E.D. Tenn. 2006) (rejecting defendant's argument that plaintiffs' declaration lacked personal knowledge because, "[a]lthough these paragraphs do not explicitly set forth the circumstances under which the affiants came to know this information, it is reasonable to infer from the evidence submitted that [plaintiffs], as employees of [defendant], would have learned during the normal course of their employment how the company operates and what the company's policies were."); *see also Wilks v. Pep Boys*, 2006 U.S. Dist. LEXIS 69533, *12 (M.D. Tenn. Sept. 26, 2006) (finding defendant's similar arguments about personal knowledge in plaintiffs' declarations to be "unpersuasive" at the notice stage and citing *Clark v. Dollar Gen. Corp.,* 2001 U.S. Dist. LEXIS 25976 (M.D. Tenn. May 23, 2001) ("to the extent that the declarants described practices that occurred in their stores, that evidence is based on personal knowledge arising from the declarants' performance of the duties of their positions.")).

Accordingly, the Court should find Plaintiffs' declarations sufficient and find Sitel's HBCCAs to be similarly situated.

## F.     The Court Should Approve Plaintiff's Proposed Notice

Sitel's request to make separate objections to Plaintiffs' proposed notice *after* the Court decides conditional certification is also improper for several reasons.  *First*, Plaintiffs' proposed notice to the Class is attached to their Motion for Conditional Certification as an exhibit (*See* Dkt. 6-1). Thus, Sitel had full knowledge of the proposed notice and has now waived any objections not raised in its Response because Plaintiffs' Motion is now fully briefed and ripe for

8

the Court's decision. (*See* Dkts. 6, 29, 33). *Second*, and more importantly, granting Sitel's request for an additional round of briefing would waste precious time in mailing the notice to putative Class members with deteriorating statute of limitations. *Third*, Plaintiffs' proposed Notice is neutral, informative, and consistent with notices approved by courts across the country and sent to putative class members in collective actions brought by Plaintiffs' Counsel in the past. Accordingly, the Court should approve Plaintiffs' proposed notice upon granting conditional certification.

## III. CONCLUSION

Sitel opposes Plaintiffs' motion with company policies, handbooks, and training documents. Yet, the Court has before it substantial allegations that Sitel's practices violate the FLSA. Additionally, Sitel opposes Plaintiffs' motion by arguing an inapplicable burden of proof for Plaintiffs at the conditional certification stage in hopes that the Court will apply a more stringent burden and deny their Motion for Conditional Class Certification. The applicable Sixth Circuit authority clearly identifies that Plaintiffs' Motion for Conditional Class Certification is due to be granted.

Dated: April 15, 2016

*s/Kevin J. Stoops*
Kevin J. Stoops (P64371)
Jesse L. Young (P72614)
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
T: 248-355-0300
E: kstoops@sommerspc.com
E: jyoung@sommerspc.com

9

s/Gregory F. Coleman<br>
Gregory F. Coleman (BPR #014092)<br>
GREG COLEMAN LAW PC<br>
First Tennessee Plaza<br>
800 S. Gay Street, Suite 1100<br>
Knoxville, TN 37929<br>
T: 865-247-0080<br>
F: 865-522-0049<br>
E: greg@gregcolemanlaw.com

**CERTIFICATE OF SERVICE**

I certify that on April 15, 2016, I electronically filed the forgoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

s/ *Kevin J. Stoops*<br>
Sommers Schwartz, P.C.<br>
One Towne Square, Suite 1700<br>
Southfield, Michigan 48076<br>
(248) 355-0300<br>
kstoops@sommerspc.com

10