IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JONATHAN GAFFERS, individually, and on behalf of others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. 3:16-cv-00128<br>) |
| v. | ) Judge Campbell<br>) Magistrate Judge Brown |
| SITEL WORLDWIDE CORPORATION, a Delaware corporation, and SITEL OPERATING CORPORATION, a Delaware corporation, | )<br>) JURY TRIAL DEMANDED<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

**INITIAL CASE MANAGEMENT ORDER**

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is adopted.

1. **Jurisdiction:**

This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331 because the action involves a federal question under 29 U.S.C. §216(b). Jurisdiction and venue are not disputed.

2. **Plaintiff's theory of the case:**

This action seeks to recover wages (including overtime wages) for employees who worked for Defendant Sitel Worldwide Corporation and/or Sitel Operating Corporation (hereinafter referred to collectively as "Sitel" or "Defendants"). Defendants are in the business of providing outsourcing to companies for their customer care services. In addition to brick and mortar call center locations, Defendants employ home-based customer care agents ("HBCCAs"). Defendants do not compensate the HBCCAs for all work performed; instead, Defendants only

pay the HBCCAs for the time they are on the telephone and available to accept calls. Among tasks that Plaintiffs are not compensated for is the time spent at the beginning of each shift starting up and logging into various computer programs and applications. Additionally, Plaintiff and the putative class are not compensated for the time spent shutting down or logging of those programs and applications. These programs, servers and applications, are an integral and important part of Plaintiff's work, and they cannot perform their job without utilizing these programs. HBCCAs are non-exempt workers and are paid only a few dollars more than the federally mandated minimum wage. This start-up and shut-down function of Plaintiff's job took substantial time and ranged anywhere from five (5) to fifteen (15) minutes per day, time for which Plaintiff was provided absolutely no compensation.

In addition to the start-up and shut-down job duties, Plaintiff and the putative class were required to engage in other essential pre or post-shift work tasks including, but not limited to, answering e-mails and saving case materials. HBCCAs were also required to answer questions from other HBCCAs throughout their lunch break and subsequent to clocking out of Defendants' time keeping system.

At all relevant times, Defendants had a binding and valid contract to pay each HBCAA for each hour they worked at a pre-established (contractual) regularly hourly rate. Furthermore, when the above referenced job activities are included into their hourly work weeks, Plaintiff and the class members often worked over 40 hours or more in a work week, time for which they were not compensated at the federally mandated rate of 1.5 times each employee's regularly hourly wage. 29 U.S.C. §207. Defendants were aware of, and could have easily cured, the unpaid time HBCCAs spent working doing the above referenced activities; however, Defendants knowingly, and willfully, refused to compensate Plaintiff and the putative class for this time.

2

The key legal issues are the same for every Class member (any HBCCA that worked for Defendants in the past three years), that is: whether the 10 to 30 minutes of unpaid pre-shift and post-shift time per shift, and the substantial unpaid time spent in association with technical issues and work performed during lunch breaks, is compensable under the FLSA.

3.  **Defendant's theory of the case:**

Defendants deny Plaintiff's claims as stated in the Complaint and the Pre-Discovery Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs ("Motion for Conditional Certification"), and Defendants further deny Plaintiff is entitled to any of the relief sought in the Complaint. Defendants deny conditional certification is appropriate in this matter, or that any claims asserted by Plaintiff and others whom he purports to represent should be subject to collective treatment by the Court pursuant to 29 U.S.C. §216(b). Defendants further assert they have facially lawful policies which require payment for all time employees work, and that Plaintiff cannot establish Defendants have any common policy, plan or practice which violated the FLSA. Should the Court find Plaintiff met his initial burden for conditional certification, Defendants assert Plaintiff's FLSA claims must ultimately be "decertified" because of the disparate factual and employment settings of the plaintiffs, the various defenses available to Defendant that are individual to each plaintiff, and fairness and procedural questions. Additionally, certification of Plaintiff's state law claim is improper because Plaintiffs cannot meet the requirements of Federal Rule of Civil Procedure 23.

Defendant Sitel Worldwide Corporation further denies it is a proper party to this lawsuit, as it is a holding company which did not employ Plaintiff, and does not employ any employees.

4.  **Identification of the issues:**

The primary issues in this matter are as follows:

3

- Whether it should proceed as a collective action under 29 U.S.C. § 216(b);
- Whether certification is appropriate under Rule 23 of the Federal Rules of Civil Procedure;
- Liability;
- Damages, if any.

**5. Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure:**

Plaintiff has filed a motion for court-supervised notice pursuant to 29 U.S.C. § 216(b). Plaintiff also intends to file a motion for Rule 23 certification of applicable state law claims.

**6. Witnesses, if known, subject to supplementation by each party.**

Named Plaintiff Jonathan Gaffers;

Opt-In Plaintiff Jennifer M. Williams;

Nancy Stewart, Human Resources Manager-Field Business Partner for Defendant Sitel Operating Corporation;

Sean S. Bradley, Director, IT Enterprise Applications for Defendant Sitel Operating Corporation;

Any other opt-in Plaintiffs;

Any agents or employees of Defendant with knowledge of the job duties of HBCCAs employed with Defendant;

Any agents or employees of Defendant with knowledge of Defendants pay procedures, policies, or decision making;

Any experts needed to prove or disprove Plaintiffs claim for damages.

4

7. **Initial Disclosures and Staging of Discovery:**

The parties shall make their Rule 26(a)(1)(A) disclosures within thirty (30) days from the date of the initial case management conference, on **May 20, 2016**.

The parties shall complete all discovery by **May 5, 2017**. All written discovery must be served on the opposing party in sufficient time for the opposing party to respond by the deadline for completion of discovery. Discovery as to the named parties is not stayed, and the parties are directed to begin discovery immediately.

Prior to filing any discovery-related motion the parties will schedule and conduct a telephone conference with the Magistrate Judge. The counsel requesting the conference shall check with opposing counsel as to their availability before setting a time certain with the Court.

Expert disclosures made by parties with the burden of proof on the issue in question must be made within 90 days of the discovery cutoff deadline, or by **August 3, 2017**. Expert reports must be produced 45 days after the expert disclosure is made, or by **September 17, 2017**.

8. **Dispositive motions:**

All dispositive motions shall be filed by **July 5, 2017** (or within 60 days of the close of discovery). Any response thereto shall be filed by **August 2, 2017**. Any reply shall be filed by **August 16, 2017**. If dispositive motions are filed early, the response shall be due 28 days after filing of the motion and the reply shall be due 14 days after the filing of the response. The motion and response memoranda are limited to 25 pages and the reply, if a reply is filed, is limited to five pages, absent Court permission for longer pleading.

9. **Other deadlines:**

**<u>Motions for Decertification:</u>**

Any motions for decertification of a FLSA collective action must be filed by **June 5, 2017** (or within 30 days of the close of discovery). The responding party shall have until **July 3, 2017** to file a Response Brief. The moving party shall have until **July 17, 2017** to file a Reply Brief. If the motions for decertification are filed early, the response shall be due 28 days after filing of the motion and the reply shall be due 14 days after the filing of the response. The motion and response memoranda are limited to 25 pages and the reply is limited to five pages, absent Court permission for longer pleading.

**<u>Motions for Rule 23 Certification:</u>**

Any motions for Rule 23 Certification must be filed by **June 5, 2017** (or within 30 days of the close of discovery). The responding party shall have until **July 3, 2017** to file a Response Brief; the moving party shall have until **July 17, 2017** to file a Reply Brief. If the motions for Rule 23 certification are filed early, the response shall be due 28 days after filing of the motion and the reply shall be due 14 days after the filing of the response. The motion and response memoranda are limited to 25 pages and the reply is limited to five pages, absent Court permission for longer pleading.

10. **Subsequent case management conferences:**

Within five (5) days after the Court's decision on Plaintiff's Pre-Discovery Motion for Conditional Certification (Dkt. 5) counsel for Plaintiffs shall contact the chambers of Magistrate Judge Brown to schedule a telephonic Second Case Management Conference to discuss, among other things, the appropriateness of discovery sampling. Should the Court grant the Motion for

Conditional Certification, the Second Case Management Conference will be scheduled to occur within 7 to 10 days after the close of the opt-in period.

11. **Alternate dispute resolution:**

The parties have not yet discussed participating in any form of alternative dispute resolution, and the parties agree alternative dispute resolution would be premature at this juncture. However, both parties agree they will be willing to engage in voluntary facilitative mediation at an appropriate future point in time.

12. **Consent to trial before the Magistrate Judge:**

The parties do not consent to trial before the Magistrate Judge.

13. **Target trial date:**

The parties propose this action be set for a jury trial on **January 16, 2018**. The parties expect the trial to late approximately ten (10) days. The parties and the Court will discuss issues of bifurcation at a subsequent case management conference.

It is so **ORDERED**:

_____
JOE B. BROWN
United States Magistrate Judge

APPROVED FOR ENTRY:

s/ Kevin J. Stoops (with permission by Keith D. Frazier)
Kevin J. Stoops (P64371)
Jesse L. Young (P72614)
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
T: 248-355-0300
E: kstoops@sommerspc.com
E: jyoung@sommerspc.com

Gregory F. Coleman (BPR #014092)
GREG COLEMAN LAW PC
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
T: 865-247-0080
F: 865-522-0049
E: greg@gregcolemanlaw.com

*Attorneys for Plaintiffs*


s/ Keith D. Frazier
Keith D. Frazier, TN #012413
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
SunTrust Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: 615.254.1900
Facsimile: 615.254.1908
keith.frazier@ogletreedeakins.com

Patrick F. Hulla, admitted *pro hac vice*
Katherine K. Paulus, admitted *pro hac vice*
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
4520 Main Street, Suite 400
Kansas City, MO 64111
Telephone: 816.471.1301
Facsimile: 816.471.1303
patrick.hulla@ogletreedeakins.com
katherine.paulus@ogletreedeakins.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 26th day of April, 2016 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Gregory F. Coleman, Esq.
GREG COLEMAN LAW PC
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929
greg@gregcolemanlaw.com

Kevin J. Stoops, Esq.
Jesse L. Young, Esq.
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
kstoops@sommerspc.com
jyoung@sommerspc.com

              s/ Keith D. Frazier

24608247.5