IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JONATHAN GAFFERS, et al.          )
                                  )
v.                                ) NO. 3-16-0128
                                  ) JUDGE CAMPBELL
SITEL WORLDWIDE CORP.,            )
et al.                            )

## MEMORANDUM

Pending before the Court is Plaintiff's Pre-Discovery Motion for Conditional Class Certification and Court-Supervised Notice (Docket No. 5). For the reasons stated herein, Plaintiff's Motion is DENIED.

## INTRODUCTION

Plaintiff filed this action as a purported collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Plaintiff contends that he was employed by Defendants as a home-based customer care agent ("HBCCA") and that he and potential members of the collective action were subject to a common policy and practice that failed to compensate them for all hours they worked.

Plaintiff asks the Court to conditionally certify this action as a collective action, under the FLSA, consisting of all current and former hourly home-based customer care agents who worked for Defendants at any time during the past three years. Plaintiff also asks the Court to approve his proposed Notice to Potential Opt-In Plaintiffs. In support of the Motion, Plaintiff has submitted a brief (Docket No. 6) and his own Declaration (Docket No. 6-2). Defendants have filed a brief in opposition to Plaintiff's Motion (Docket No. 29), and Plaintiff has filed a Reply (Docket No. 33).

## CONDITIONAL CERTIFICATION

The FLSA provides that a collective action to recover compensation may be maintained against any employer by any one or more employees for and in behalf of themselves and other employees similarly situated. 29 U.S.C. § 216(b). Unlike class actions under Fed. R. Civ. P. 23, FLSA collective actions require similarly-situated employees to "opt in" as party plaintiffs.

The Sixth Circuit recognizes a two-step process to determine whether plaintiffs are similarly situated. *White v. Baptist Memorial Health Care Corp.*, 699 F.3d 869, 877-78 (6th Cir. 2012). For the first stage, which occurs at the beginning of discovery, courts use a "fairly lenient standard" that typically results in conditional certification of a representative class. *Id.*; *see also Ott v. Publix Super Markets, Inc.*, 2013 WL 1874258 at * 1 (M.D. Tenn. May 3, 2013). The court does not resolve factual disputes, decide substantive issues going to the merits, or make credibility determinations at this first stage. *Id.*; *Wlotkowski v. Michigan Bell Telephone Co.*, 267 F.R.D. 213, 217 (E.D. Mich. 2010). If the court determines that conditional certification is warranted, it may authorize the notification of similarly-situated employees to allow them to opt into the lawsuit. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).

At the second stage, the court reviews the evidence produced during discovery and determines whether the class should be de-certified. *Ott* at * 2. Although the court applies a stricter standard at the second stage, the FLSA plaintiff still faces a lower certification burden than a plaintiff seeking certification under Rule 23. *White*, 699 F.3d at 877. A plaintiff may show that he is similarly situated to the potential claimants by demonstrating that they were subject to a common policy or plan that violated the law. *Ott* at * 2.

Plaintiff alleges that Defendants do not compensate HBCCAs for all work performed, specifically work performed at the beginning of each shift in connection with starting and logging into various computer programs and applications; work performed during lunch breaks; work performed in connection with technical issues; and work performed after each shift in connection with shutting down and logging off various computer programs and applications.

Defendants, on the other hand, maintain that their written timekeeping policies specifically require HBCCAs to begin their work days by "clocking in"[1] and only thereafter boot up or log in to their computers. Docket Nos. 29-1 and 29-3. Moreover, Defendants claim that their policies require that HBCCAs be completely relieved of work during their 30-minute (not 60-minute) lunch breaks and that HBCCAs are not required to log off their computers during the lunch break, but rather only to clock out. Docket No. 29-1.

With regard to times of technical issues, Defendants aver that they have specific, written "Down Time Guidelines" which require that HBCCAs are paid for all time between the technical failures and notification that the employee is relieved from work. Defendants state that if Plaintiff is clocked in at the time of any system failure, he remains clocked in until he is released from his duties for the remainder of the shift. Docket Nos. 29-1 and 29-5.

Defendants argue that other HBCCAs are not similarly-situated to Plaintiff because HBCCAs work on different client "campaigns." Therefore, Defendants assert, the computer applications used by HBCCAs are *not* universal, as Plaintiff claims; rather, HBCCAs differ widely in the number and

---

[1]    Defendants claim that Plaintiff entered his time via a "hard phone" system. Docket No. 29, p.9.

type of computer applications, servers and programs they are required to access when performing their job duties. Docket No. 29-1.

Defendants also argue that HBCCAs record their time worked in different ways, depending upon the client campaigns on which they are working, and that there are even differences in the methods of recording time between different lines of business for the same client. Defendants contend that their employees are prohibited from working off-the-clock or otherwise performing work without recording the time and that their employees are required to immediately notify the Human Resources Department if they are asked to work off-the-clock. Docket Nos. 29-1 and 29-3.

At this first stage of the inquiry, Plaintiff bears the burden of showing that the other employees are similarly situated. At this stage, Plaintiff must show only that his position is similar, not identical, to the positions held by the putative class members. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546-47 (6th Cir. 2006). Plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs. *Watson v. Advanced Distribution Servs., LLC*, 298 F.R.D. 558, 561 (M.D. Tenn. 2014).

To be considered similarly situated, it is sufficient if the Plaintiffs' claims are unified by common theories of the Defendant's statutory violations, even if the proofs of those theories are inevitably individualized and distinct. *Wlotkowski*, 267 F.R.D. at 217. Accordingly, district courts generally allow the lead plaintiffs to show that the potential claimants are similarly situated by

4

demonstrating that they and the potential plaintiffs together were the victims of a common policy or plan that violated the law. *Id.* [2]

Defendants argue that Plaintiff has failed to identify any single, common policy or practice that violated the FLSA and affected all potential Plaintiffs. The Court agrees.

For example, Plaintiff alleges that "[p]ursuant to Defendants' compensation policies," Plaintiff and other HBCCAs are not paid for pre- and post- shift activities of logging on and shutting down their computers. Although Defendants have identified specific policies which require HBCCAs to clock in *before* they start and log into their computers and which require HBCCAs to stop working before clocking out, Plaintiff has not identified any policy to the contrary, any directive from Defendants to violate the existing policy, or any practice of Defendants' changing Plaintiff's time worked to deduct such activities. Neither has Plaintiff alleged that Defendants' management instituted a policy or practice to ignore the written policies.

In addition, although Plaintiff contends that Defendants "require" HBCCAs to perform off-the-clock, unpaid work functions during their unpaid lunch breaks, Plaintiff again has pointed to no

---

[2]     Three non-exhaustive factors that many courts have found relevant to the FLSA's similarly situated analysis are (1) the factual and employment settings of the individual plaintiffs; (2) the different defenses to which the plaintiffs may be subject on an individual basis; and (3) the degree of fairness and procedural impact of certifying the action as a collective action. *Monroe v. FTS USA, LLC*, 815 F.3d 1000,1009 (6th Cir. 2016). Employees who suffer from a single, FLSA-violating policy or whose claims are unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct, are similarly situated. *Id.*

specific policy, directive, practice or any person who so "required" Plaintiff to work during lunch breaks[3] or how such directive or practice was communicated to him, much less to all HBCCAs.

Similarly, with regard to the technical issues activities, Defendants have pointed to specific "Down Time Policy and Process Guidelines" which require that the HBCCA be clocked in during these times unless or until he is specifically released from his duties. Plaintiff has pointed to no specific policy, directive, practice or any person who "required" him to do otherwise. He simply says that Defendants failed to pay him for this time.

Plaintiff's Declaration (Docket No. 6-2) states that Defendants regularly failed and refused to pay him for certain work. He does not state whether he submitted this time and it was changed, whether Defendants specifically instructed him not to record such time, or exactly how he was required to *not* follow Defendants' written policies. As noted above, he alleges that "[p]ursuant to Defendants' compensation policies," he and other HBCCAs were not paid for certain time, but he does not say what those compensation policies are. Plaintiff has not offered any Declaration by any other employee.

Finally, Plaintiff has not shown that he has personal knowledge of the other HBCCAs, how they record their time, why, whether, or in what manner they were required to work off-the-clock, or what specific policies or practices required other HBCCAs to not be paid for all work time.

Even under the applicable "lenient" standard for conditional certification, Plaintiff must do more than simply state that Defendants fail to pay HBCCAs for the alleged time. The Court understands that it must not resolve factual issues or make credibility determinations at this stage

---

[3] The Court also notes that Defendants have testified, through their representative, that the HBCCA lunch break is 30 minutes, not 60 minutes as Plaintiff claims.

of the process.  Nonetheless, Plaintiff must allege or show a common, single, illegal policy to violate Defendants' written timekeeping policies and training, a policy which affects all the HBCCAs he purports to join in this action.  This he has failed to do.

For these reasons, Plaintiff's Motion for Conditional Certification is DENIED.

IT IS SO ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE